USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/07/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANTON F. LIVERPOOL,

      Plaintiff,

-against-

CAPTAIN DAVIS ET AL.

      Defendants.

17-cv-03875 (KPF)

**ORDER SCHEDULING**
**SETTLEMENT CALL**

**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE.**

    This case has been referred to me for settlement purposes.  A telephone conference will be held on **July 21, 2020 at 9:30 a.m.** in advance of settlement.

    It is hereby **ORDERED** that the Warden or other official in charge of the Intake Center produce Plaintiff Anton F. Liverpool, Prison Identification No. 155581, on **July 21, 2020**, by no later than **9:30 a.m.**, to a suitable location within the Intake Center that is equipped with a telephone, for the purpose of participating by telephone in a conference with the Court and Defendants' counsel.  If the scheduled time and date presents a hardship, the Warden or the Warden's designee should promptly inform chambers by calling Courtroom Deputy Christopher Aiello at (212) 805-0234.

    The Parties are directed to review Judge Parker's Individual Rules of Practice in Civil Cases attached to this order.

    Upon their appearance, Defendants' counsel is directed to: (1) send this Order to the

Warden immediately; (2) contact the Intake Center to arrange the call and determine the telephone number at which Plaintiff will be reachable at the above time and date; and (3) telephone chambers at (212) 805-0234, with the Plaintiff and counsel for Defendants on the line, at the time and date of the conference.

     A copy of this Order has been mailed to the Pro Se Plaintiff by Chambers.

Dated: May 7, 2020
     New York, New York

                      **SO ORDERED**.

                     *[signature: Katharine H. Parker]*

                    **KATHARINE H. PARKER**
                    **United States Magistrate Judge**

Revised: January 1, 2020

# INDIVIDUAL PRACTICES IN CIVIL CASES[1]
## KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE

| Chambers | Courtroom |
|---|---|
| U.S. District Court | Daniel Patrick Moynihan Courthouse |
| 500 Pearl Street, Room 750 | 500 Pearl St., Courtroom 17D |
| New York, NY 10007 | Courtroom Deputy |
| Parker_NYSDChambers@nysd.uscourts.gov | (212) 805-0234/0235 |

Cases come before magistrate judges in one of two ways: for one or more specific purposes pursuant to an order of reference by the assigned district judge, or, on consent of the parties, for all purposes pursuant to 28 U.S.C. § 636(c). When a district judge approves an all-purposes consent form signed by counsel, the magistrate judge assumes the role of the district judge. Any appeal is directly to the Court of Appeals and the right to a jury trial is preserved. It is the uniform practice of the magistrate judges in this District to schedule trials in civil consent cases for firm dates, rather than using a trailing trial calendar or requiring counsel to be available for trial on short notice. Additionally, because magistrate judges rarely try criminal cases, such firm trial dates are unlikely to be changed to accommodate criminal trials. Should counsel wish to consent to have Judge Parker hear their case for all purposes, the necessary form is available at https://nysd.uscourts.gov/hon-katharine-h-parker.  Unless otherwise ordered by Judge Parker, matters before her shall be conducted in accordance with the following practices. These practices are applicable to cases before Judge Parker if the matter is within the scope of the district judge's order of reference or if the case is before Judge Parker for all purposes pursuant to 28 U.S.C. § 636(c). Otherwise, the practices of the district judge to whom the case is assigned apply. Nothing in Judge Parker's Individual Practices supersedes a specific time period for filing a motion specified by statute or Federal Rule where failure to comply with the specified time period could result in forfeiture of a substantive right.

I. **Communications with Chambers**.

   a. **Letters.**  In general, communications with the Court should be by letter filed on ECF except as otherwise set forth below for certain types of communications (e.g., settlement conference and *in camera* submissions) and for pro se litigants who have not consented to electronic service.

---

[1] **Requests for reasonable accommodations on account of disability or religion with respect to the Court's rules or in connection with any proceeding before Judge Parker may be emailed to Parker_NYSDChambers@nysd.uscourts.gov.  Counsel and parties are invited to inform the Court of their preferred pronouns.**

*Represented Parties.*  Authorized *in camera* submissions and *ex parte* settlement letters should be emailed to Chambers as a .pdf (but not .pdf/A) attachment to Parker_NYSDChambers@nysd.uscourts.gov.  E-mails shall state in the subject line:  (1) the caption of the case, including the lead party names and docket number; and (2) a brief description of the content of the communication.  Parties shall not include substantive communications in the body of the e-mail; such communications shall be included only in the attached letter.  Confidential information should be clearly indicated as such in the letter.  All other categories of letters must be filed electronically on ECF.  In *pro se* cases, counsel must file the proposed case management plan via ECF.  Counsel must serve the *pro se* party with a paper copy of any document that is filed electronically or emailed and must separately file a proof of service with the Court.

*Pro Se Parties.*  By Standing Order, a *pro se* party must mail all communications with the Court to the Pro Se Intake Unit located at 40 Foley Square, Room 105, New York, NY 10007.  A *pro se* party may not call Chambers or send any document or filing directly to Chambers.  Submissions requiring immediate attention should be hand-delivered to the Pro Se Intake Unit.  Unless the Court orders otherwise, all communications with the Court will be docketed upon receipt; such docketing shall constitute service on any user of the ECF system.  If any other party is not a user of the ECF system (*e.g.,* if there is another *pro se* party in the case), a *pro se* party must send copies of any filing to the party and include proof of service affirming that he or she has done so.  Copies of correspondence between a *pro se* party and opposing parties shall not be sent to the Court.

> Any **nonincarcerated** *pro se* party who wishes to participate in electronic case filing ("ECF") must file a Motion for Permission for Electronic Case Filing, available in the Pro Se Intake Unit or at http://nysd.uscourts.gov/file/forms/motion-for-permission-for-electronic-case-filing-for-pro-se-cases.
>
> Any **nonincarcerated** *pro se* party who wishes to receive documents in their case electronically (by e-mail) instead of by regular mail may consent to electronic service by filing a Pro Se (Nonprisoner) Consent & Registration Form to Receive Documents Electronically, available in the Pro Se Intake Unit or at http://nysd.uscourts.gov/file/forms/consent-to-electronic-service-for-pro-se-cases.

*Page Limit.*  Whether filed electronically or not, letters may not exceed 3 single-space pages in length (exclusive of exhibits).  Letters solely between parties or their counsel or otherwise not addressed to the Court may not be filed on ECF or otherwise sent to the Court (except as exhibits to an otherwise properly filed document).

b. **Letter-Motions**. Letter motions shall be filed on ECF in accordance with the S.D.N.Y. Local Rules and the S.D.N.Y. Electronic Case Filing Rules and Instructions. In particular, parties shall file as letter-motions all requests for adjournments, extensions, pre-motion conferences (including pre-motion conferences with respect to discovery disputes) and requests for a settlement conference. Letter motions are limited to 3 single-space pages (not including exhibits).

c. **Hand Deliveries.** Hand-delivered mail should be left with the Court Security Officers at the Worth Street entrance of 500 Pearl Street and may not be brought directly to Chambers. Hand deliveries are continuously retrieved from the Worth Street entrance by Courthouse mail staff and then forwarded to Chambers. If the hand-delivered letter is urgent and requires the Court's immediate attention, ask the Court Security Officers to notify Chambers that an urgent package has arrived that needs to be retrieved by Chambers staff immediately.

d. **Docketing, Scheduling and Calendar Matters.** For docketing, scheduling and calendar matters, call Chris Aiello, the Courtroom Deputy, at (212) 805-0234/0235 between 9:00 a.m. and 5:00 p.m.

e. **Faxes.** Prior approval of Chambers is required before sending any fax. Faxes must not exceed three pages and must be submitted to Chambers at (212) 805-7932. All faxes must simultaneously be faxed or delivered to all parties.

f. **Requests for Adjournments or Extensions of Time.** All requests for adjournments or extensions of time must be filed on ECF as letter-motions. The letter-motion must state: (1) the original date(s); (2) the number of previous requests for adjournment or extension; (3) whether these previous requests were granted or denied; and (4) whether the adversary consents and, if not, the reasons given by the adversary for refusing to consent. If a conference must be rescheduled, counsel shall propose at least two alternative dates. Absent good cause, any request for extension or adjournment shall be made *at least 48 hours* before the deadline or scheduled appearance.

g. **ECF.** In accordance with the Electronic Case Filing Rules and Instructions, counsel are required to register promptly as ECF filers and to enter an appearance in the case. The pertinent instructions are available on the Court website, at http://www.nysd.uscourts.gov/ecf_filing.php. Counsel are responsible for updating their contact information on ECF, should it change, and they are responsible for checking the docket sheet regularly, regardless of whether they receive an ECF notification of case activity. For questions about ECF rules and procedures, please contact the ECF help desk at (212) 805-0800.

II. <u>**Pre-Trial Practice**</u>.

    a. **Initial Case Management Conference.**  Except for Complex Cases and *Pro Se* Cases, parties must confer and then file a Report of Rule 26(f) Conference and Proposed Case Management Plan on ECF one week before the Initial Case Management Conference as a .pdf attachment consistent with Paragraph I(a) above.  A template form for the Report of Rule 26(f) Conference and Proposed Case Management Plan is available at https://nysd.uscourts.gov/hon-katharine-h-parker.  In cases where substantial ESI discovery is contemplated, the parties are expected to review Judge Parker's Discovery Discussion Topics and Considerations for Use at Rule 26(f) Conference found at https://nysd.uscourts.gov/hon-katharine-h-parker.

    *Complex Cases.*  Parties must confer and file on ECF no later than one week before the Initial Case Management Conference an Initial Report that includes the parties' positions on the applicable topics included on the "Initial Pretrial Conference Checklist for Complex Cases" at Appendix A.  The parties also must file on ECF a joint Proposed Civil Case Management Plan and Scheduling Order.

    *Pro Se Cases.*  The parties each must file their Case Report and Proposed Case Management Plan for *Pro Se* Cases one week before the scheduled conference in conformance with the procedures in Section I above.  The parties shall use the form Proposed Case Management Plan template for *Pro Se* Cases found at https://nysd.uscourts.gov/hon-katharine-h-parker.

    *Attendance.*  Lead counsel for the parties are expected to attend the Initial Case Management Conference.  Reasonable accommodations will be made for parties or their counsel who cannot attend in person on account of disability.  Additionally, an **incarcerated party** who is unable to attend this or other conferences, may be able to participate by telephone.  If appropriate, the Court's scheduling order will outline the procedures for participation by telephone.

    b. **Discovery Disputes.**  Parties shall follow Local Rule 37.2 with the following modifications.  Any party wishing to raise a discovery dispute with the Court must first confer in good faith with the opposing party, in person or by telephone, in an effort to resolve the dispute.  If this meet-and-confer process does not resolve the dispute, the party may submit an ECF letter-motion to the Court or, if applicable, to the Pro Se Intake Clerk, no longer than 3 single-space pages, explaining the nature of the dispute and requesting a conference.  Such letter ***must include a representation that the meet-and-confer process occurred***, **including when and whether it was in person or over the telephone.**  Any responsive letter should be submitted within two business days after submission of the letter-motion.

4

    Parties shall keep in mind Rule 1 of the Federal Rules of Civil Procedure, which requires the Court and the parties to construe, administer, and employ the rules of procedure to secure the just, speedy, and inexpensive determination of every action.  Parties also shall keep in mind Rule 26(b)(1) of the Federal Rules of Civil Procedure, which provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."  Discovery motions should address these rules to the extent applicable.

    c. **Confidentiality Stipulations and Orders.**  In cases where confidential information will be exchanged, the parties must utilize the Court's model Stipulation and Proposed Protective Order found at  https://nysd.uscourts.gov/hon-katharine-h-parker; provided, however, the parties may apply for a protective order that differs from the Court's model by submitting a letter request via ECF and attaching the proposed order showing in a blackline comparison how the proposed order differs from the Court's model.  The letter should explain why the modifications are needed and note any disagreements between the parties regarding the modifications from the Court's model.

    d. **Electronic Discovery.**  The parties are expected to review Judge Parker's Discovery Discussion Topics and Considerations for Use at Rule 26(f) Conference found at https://nysd.uscourts.gov/hon-katharine-h-parker.  The parties also may utilize the model Joint Electronic Discovery Submission and Proposed Order, as appropriate, found at https://nysd.uscourts.gov/hon-katharine-h-parker.  This model may be modified to the extent appropriate for the case.

III.    **Motions.**

    a. **Conferences of Counsel Before Filing Motions Under Rule 12(b) or (c).**  Except in cases involving *pro se* parties, if a motion pursuant to Fed. R. Civ. P. 12(b) or 12(c) is contemplated, the plaintiff or counterclaimant must indicate whether it wishes to amend the subject pleading before motion practice, and the parties must consider in good faith a stipulation permitting such amendment.  If the parties are unable to reach a resolution, counsel for the moving party shall include the following statement in the notice of motion:  "This motion is made following the conference of counsel, which took place on [date].  Plaintiff [or Counter Claimant] declined an opportunity to amend."

    b. **Pre-Motion Conferences.**  For motions concerning discovery disputes, see Section II(c) above.  A pre-motion conference is required for all other motions except (i) motions that are required by the Federal Rules of Appellate Procedure

5

or the Federal Rules of Civil Procedure to be made by a certain time, (ii) motions by litigants in actions where a party is incarcerated and *pro se*, (iii) motions for reconsideration, (iv) motions for a new trial, (v) motions *in limine*, (vi) motions to dismiss habeas corpus petitions, and (vii) motions for judgment on the pleadings in social security cases.

Letters requesting a pre-motion conference should summarize the basis of the motion and follow the procedures for communicating with the Court set forth in Section I. Letters may not exceed 3 pages. Within 3 business days of receipt of the letter, each opposing party may submit a written response of no more than 3 pages. The Court will, as soon as possible thereafter, hold the pre-motion conference. The filing of a request for a pre-motion conference to dismiss prior to the Answer stays the time for the filing of an Answer until after the conference is held or until further order of the Court.

c. **Memoranda of Law.** The typeface, margins and spacing of motion papers must conform to Local Civil Rule 11.1. Unless prior permission has been granted, memoranda of law in support of and in opposition to motions are limited to 25 pages and reply memoranda are limited to 10 pages. Memoranda of 10 pages or more shall contain a table of contents and a table of authorities, neither of which shall count against the page limit. Sur-reply memoranda will not be accepted without prior permission of the Court.

All moving papers, letter-motions, and letters filed on ECF or emailed to chambers must be in *searchable PDF form*. **Additionally, to the extent citing unreported cases, parties are requested to use Westlaw citations whenever possible.**

d. **Redactions and Filing Under Seal.** All Confidential Materials filed with the Court may be redacted or filed under seal only as the Court directs upon appropriate application by either party or as required by Federal Rule of Civil Procedure 5.2, which describes sensitive information that must be redacted from public court filings.

To avoid the unnecessary filing of documents under seal, counsel for the parties will discuss, in good faith, the need to file Confidential Materials under seal. If the parties agree in writing that a particular document that has been designated Confidential Material shall not be filed under seal, that document can be filed without redaction and such filing will not be a breach of any Stipulation of Confidentiality.

Any party wishing to file in redacted form any pleading, motion, memorandum, exhibit, or other document, or any portion thereof, based on a party's designation of information as Confidential, must make a specific request to the Court by letter motion explaining the reasons for seeking to file that submission

under seal and addressing the request in light of the Court of Appeals' opinions in <u>Lugosch v. Pyramid Co. of Onondaga</u>, 435 F.3d 110 (2d Cir. 2006) and <u>Bernstein v. Bernstein Litowitz Berger & Grossman LLP</u>, 814 F.3d 132 (2d Cir. 2016).  If a request for redactions is based on another party's designation of information as Confidential, the parties shall confer and jointly submit the request for redactions.

Letter Motions for approval of sealed or redacted filings in civil and miscellaneous cases and the subject documents, including the proposed sealed document(s), must be filed electronically through the court's ECF system in conformity with the court's standing order, 19-mc-00583, and ECF Rules & Instructions, section 6.

The motion must be filed in public view, must explain the particular reasons for seeking to file that information under seal and should not include confidential information sought to be filed under seal.  Supporting papers must be separately filed electronically and may be filed under seal or redacted only to the extent necessary to safeguard information to be filed under seal.

The proposed sealed document must be contemporaneously filed under seal in the ECF system and electronically related to the motion.  The summary docket text, but not the sealed document, will be open to public inspection and should not include confidential information sought to be filed under seal.

Where the motion seeks approval to redact information from a document that is to be publicly filed, the filing party shall:  (a) publicly file the document with the proposed redactions, and (b) electronically file under seal a copy of the unredacted document with the proposed redactions highlighted.  Both documents must be electronically filed through the ECF system and related to the motion.

Any party unable to comply with the requirement for electronic filing under seal through the ECF system, or who has reason to believe that a particular document should not be electronically filed, must move for leave of the Court to file in the traditional manner, on paper.

If the Court approves the filing under seal, no further submissions shall be required.  If the Court denies, in part, the motion for filing under seal, the party who made the submission shall be required to refile the document with modified redactions as directed by the Court.  The Court will file under seal any clean and unredacted pages for which the Court has approved redactions.

**The above practices for filing under seal are applicable to cases before Judge Parker if the matter is within the scope of the district judge's order of reference or if the case is before Judge Parker for all purposes pursuant to 28**

> **U.S.C. § 636(c). Otherwise, the practices of the district judge to whom the case is assigned apply.**
>
> e. **Oral Argument on Motions.** Parties may request oral argument when the motion has been fully briefed. This request should be made by letter in accordance with the procedures set forth in Section I.
>
> Junior members of legal teams representing clients are invited to argue motions they have helped prepare and to question witnesses with whom they have worked. Firms are encouraged to provide this opportunity to junior attorneys for training purposes. This court is amenable to permitting a number of lawyers to argue for one party if this creates an opportunity for a junior lawyer to participate. The ultimate decision of who speaks on behalf of the client is for the lawyer in charge of the case, not for the Court.
>
> f. **Proposed Stipulations and Orders.** Except as otherwise provided above, parties should file stipulations and orders they wish the Court to sign on ECF, in accordance with the ECF Rules and Instructions.
>
> g. **Nothing in my Individual Practices supersedes a specific time period for filing a motion specified by statute or Federal Rule -- including but not limited to Fed. R. Civ. P 50, 52, 54, 59, and 60, and Fed. R. App. P. 4 -- where failure to comply with the specified time period could result in forfeiture of a substantive right.**

IV.   **Pretrial Procedures.**

**Joint Pretrial Orders.** After the close of discovery, the Court will file a Scheduling Order scheduling a pre-trial conference and containing instructions for the parties' Proposed Joint Pretrial Order. In general, except in *pro se* cases, a Joint Pretrial Order shall include, as applicable:

   a. the full caption of the action;

   b. the name, address, telephone number and email of each principal member of the trial team, and an identification of each party's lead trial counsel;

   c. a list of each claim and defense that will be tried and identification of the governing law (including applicable regulations) governing each such claim and defense;

   d. if applicable, a list of any claims and defenses asserted in the pleadings that are not to be tried;

   e. a list by each party of its trial witnesses that it, in good faith, expects to present, with an indication of whether the witnesses will testify in person or by

       deposition and the general subject area of the witness's testimony and anticipated length of time needed for witness;

    f.  a statement as to how and when the parties will give notice to each other of the order of their trial witnesses and, if the parties cannot agree, the parties statement that they will agree to the Court's default rule for trials of this length (*i.e.*, that the parties shall advise each other by no later than 48 hours before the start of trial as to the order of their witnesses);

    g.  a list by each party of exhibits that it, in good faith, expects to offer in its case in chief, together with any specific objections thereto;

    h.  all stipulations or statements of fact or law on which the parties have agreed;

    i.  a proposed schedule by which the parties will exchange demonstratives that the parties intend to use at trial, notify each other of any objections thereto, consult with each other regarding those objections and notify the Court of any remaining disputes;

    j.  proposed *voir dire* questions;

    k.  proposed jury instructions;

    l.  proposed verdict sheet; and

    m.  all other matters that the Court may have ordered or that the parties believe are important to the efficient conduct of the trial, such as bifurcation or sequencing of issues to be tried, anticipated in limine motions, and technology needed for trial.

The parties shall each send a courtesy copy of all exhibits, pre-marked, to Parker_NYSDChambers@nysd.uscourts.gov. Exhibits need not be filed electronically on ECF. The parties shall also each submit one hard copy of the pre-marked exhibits in a well-organized three-ring binder separated by tab dividers.

In **pro se** cases, no Joint Pretrial Order is needed. Instead, within 30 days after the completion of discovery each party shall file its own Pretrial Statement. The *pro se* party's Pretrial Statement need take no particular form, but must be concise and contain: (1) a statement of the facts the party hopes to prove at trial; (2) a list of all documents or other physical objects that the party plans to put into evidence at trial; and (3) a list of the names and addresses of all witnesses the party intends to have testify at trial. The Statement must be sworn by the party to be true and accurate based on the facts known by the party. The party must file an original Statement with the *Pro Se* Office (*see* I(a)) and serve a copy on all other parties or their counsel if represented. The original Statement must indicate the date a copy was mailed to the other party or that party's attorney.

**V.     Settlement Conferences**

The Court believes the parties should fully explore settlement at the earliest practical opportunity.  Early consideration of settlement allows the parties to avoid the substantial cost, expenditure of time, and uncertainty that are typically a part of the litigation process.  Even for those cases that cannot be resolved, early consideration of settlement can provide the parties with a better understanding of the factual and legal nature of their dispute and streamline the issues to be litigated.

The following are the procedures applicable to Settlement Conferences:

a. ***Confidential.***  All settlement conferences are "off the record" and strictly confidential.  All communications relating to settlement may not be used in discovery and will not be admissible at trial.

b. ***Magistrate Judge's Role.***  The magistrate judge functions as a mediator, attempting to help the parties reach a settlement.

c. ***Pre-Conference Telephone Call.***  The Court will schedule a telephone call with the parties prior to the conference to discuss issues pertinent to the conference, after which a settlement conference will be scheduled.

d. ***Ex Parte Settlement Conference Summary Form and Letter.***  Unless otherwise directed by the Court, no later than 7 days before the Settlement Conference, each party must complete the Court's Settlement Conference Summary Form found at https://nysd.uscourts.gov/hon-katharine-h-parker.  Each party also must provide the Court with a letter, not to exceed three pages, summarizing the issues in the case, the settlement value of the case and rationale for it, case law authority relevant to settlement discussions, and any other facts that would be helpful to the Court in preparation for the conference.  Parties may attach exhibits to their letters to the extent they believe the exhibits would aid settlement discussions.  The Settlement Conference Summary Form and letter should be emailed to Parker_NYSDChambers@nysd.uscourts.gov.  Alternatively, these documents may be faxed to the Court with prior approval of Chambers.

e. ***Exchange of Demand/Offer.***  If the plaintiff has not already made a settlement demand, such a demand shall be communicated to the opposing party no later than 14 days prior to the conference.  If it has not already done so, the opposing party shall respond to any demand no later than 8 days prior to the conference.

f. ***Attendance.***  The parties – not just the attorneys – must attend the Settlement Conference in person.  In the event personal attendance is a hardship, a party may make a written request no later than one week in advance of the conference to attend by phone.  Each party must supply its own interpreter, if required.  Corporate parties or labor unions must send the person with decision-

making authority to settle the matter to the conference.  Where liability insurance is involved, a decision-making representative of each carrier must attend unless specifically excused by the Court.  Where any government agency is a party, counsel of record must be accompanied by a knowledgeable representative from the agency.  In addition, in cases where the Comptroller of the City of New York has authority over settlement, the Assistant Corporation Counsel must make arrangements in advance of the conference for a representative of the Comptroller either to attend the conference or to be available by telephone to approve any proposed settlement.

g. ***Consequences of Non-Compliance with Attendance Requirement.***  If a party fails to comply with the attendance requirements, that party may be required to reimburse all the other parties for their time and travel expenses and may face other sanctions.

h. ***Conference Location.***  Unless advised otherwise by the Court, the conference will take place in Courtroom 17D at 500 Pearl Street.

VI. **Courtesy Copies Generally Not Required**

a. **Judge Parker does not require or desire courtesy copies of any documents filed on ECF.**

b. **Settlement Conference Materials:** A courtesy copy of *Ex Parte* Settlement Conference Summary Forms and Letters shall be submitted to the Court if the exhibits to the Letter exceed 10 pages. Courtesy copies must be provided no later than one business day after submission of the Form and Letter.  sCourtesy copies should be placed in well-organized three-ring binder(s).  Where appropriate, the binder(s) shall be separated by tab dividers preceded by an exhibit list.  Courtesy copies must be provided no later than one business day after the filing.

If a party is submitting a video, the clip shall be provided on a CD or thumb drive delivered to Chambers and labeled with a case name and docket number.

Appendix A

**INITIAL PRETRIAL CONFERENCE CHECKLIST FOR COMPLEX CASES**

1. Proportionality assessment of "the needs of the case, amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues" (see Rule 26(b)(2)(C) (iii)).

2. Possible limitations on document preservation (including electronically stored information).

3. Appropriateness of initial disclosures pursuant to Rule 26(a)(1). Is there some readily identifiable document or category of documents that should be produced immediately in lieu of initial disclosures?

4. Possibility of a stay or limitation of discovery pending a dispositive motion.

5. Preliminary issues that are likely to arise that will require court intervention.

6. Discovery issues that are envisioned.

7. Proposed discovery including:

    A. limitations on types of discovery beyond those in the Rules (*i.e.*, waiver of interrogatories, requests for admission, expert depositions);

    B. limitations on scope of discovery;

    C. limitations on timing and sequence of discovery;

    D. limitations on restoration of electronically-stored information;

    E. agreement to allow depositions of trial witnesses named if not already deposed;

    F. preservation depositions; and

    G. foreign discovery and issues anticipated.

8. Schedule (as appropriate and possibly excluding public agency cases) including:

    A. date(s) for completion of discovery, including a protocol and schedule for electronic discovery;

    B. date(s) for dispositive motions;

    C. date(s) for exchange for expert reports;

    D. date(s) for exchange of witness lists; and

    E. date (s) for Joint Preliminary Trial Reports and Final Joint Trial Reports.

9. Issues to be tried, including ways in which issues can be narrowed to make trial more meaningful and efficient; as well as whether there are certain issues as to which a mini-trial would be helpful.

10. Bifurcation.

11. Class certification issues.

12. Whether the parties recommend that expert discovery precede or follow any summary judgment practice.

13. Settlement/mediation and the timing of discussions about settlement.

14. Pleadings, including sufficiency and amendments, and the likelihood and timing of amendments.

15. Joinder of additional parties and the likelihood and timing of joinder of additional parties.

16. Expert witnesses (including necessity or waiver of expert depositions).

17. Damages (computation issues and timing of damages discovery).

18. Final pretrial order (including possibility of waiver of order).

19. Possible trial-ready date.

20. Court logistics and mechanics (*e.g.*, communication with the court, streamlined motion practice, pre-motion conferences, etc.).

<u>Appendix B</u>

**<u>DEFAULT JUDGMENT PROCEDURE</u>**

1. Prepare an Order to Show Cause for default judgment and make the Order returnable before Judge Parker. Leave blank the date and time of the conference. Judge Parker will set the date and time when she signs the Order.

2. Provide the following supporting papers with the Order to Show Cause:
   A. An attorney's affidavit setting forth:
      i. The basis for entering a default judgment, including a description of the method and date of service of the summons and complaint;
      ii. The procedural history beyond service of the summons and complaint, if any;
      iii. Whether, if the default is applicable to fewer than all of the defendants, the Court may appropriately order a default judgment on the issue of damages prior to resolution of the entire action; and
      iv. The proposed damages and the basis for each element of damages, including interest, attorney's fees, and costs.
   B. A memorandum of law setting forth:
      i. Choice of law;
      ii. The elements of each cause of action as to which default judgment is sought, with supporting legal authority;
      iii. For each defendant and for each cause of action as to which default judgment is sought, an analysis demonstrating that the facts pled in the complaint support the conclusion that the relevant defendant is liable with respect to that cause of action;
      iv. The legal authority supporting each category of damages requested; and
      v. If applicable, legal authority for why an inquest into damages would be unnecessary.
   C. A proposed order of default judgment.
   D. Copies of all of the pleadings.
   E. A copy of the affidavit of service of the summons and complaint.
   F. A Certificate of Default from the Clerk of Court.

3. Submit the Order to Show Cause and supporting papers on ECF for initial review by the Orders and Judgments Clerk, in accordance with the ECF Rules and Instructions. Orders to Show Cause that seek emergency relief should <u>not</u> be submitted on ECF and must be submitted in person in hard copy form to the Orders and Judgments Clerk at: Thurgood Marshall Courthouse, 40 Foley Square (Room 105), New York, New York 10007. After the Orders and Judgments Clerk approves the Order to Show Cause, the

Clerk will notify Chambers.

4. If Judge Parker signs the Order, the party must serve a conforming copy of the Order and supporting papers on the defendant as soon as possible.

5. Within 3 days after Judge Parker signs the Order, the party must also file the supporting papers on ECF

6. Prior to the return date, take the proposed judgment to the Orders and Judgments Clerk for the Clerk's approval. The proposed judgment, including all damages and interest calculations, must be approved by the Clerk prior to the conference and then brought to the conference for the Judge's signature.