UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ANTON F. LIVERPOOL,

                Plaintiff,

-v.-

CAPTAIN DAVIS, Shield #1282;
OFFICER GREEN, Shield #7507;
OFFICER LARAQUE, Shield #3665;
CAPTAIN KISTE, Shield #958; and
CORRECTION OFFICER LLARCH,
Shield #3352,

                Defendants.

17 Civ. 3875 (KPF)

**OPINION AND ORDER**

---

KATHERINE POLK FAILLA, District Judge:

    Plaintiff Anton F. Liverpool, proceeding *pro se*, brings this action under 42 U.S.C. § 1983 against Charles Davis, Brandon Green, James Laraque, Gustavo Kiste, and William Llarch (collectively, "Defendants"), who are all correction officers at the Otis Bantum Correctional Center at Rikers Island ("OBCC"), stemming from incidents that occurred while Plaintiff was confined at OBCC.  After more than three years of litigation, Defendants now move to amend their answer to Plaintiff's Third Amended Complaint ("TAC") to assert as an affirmative defense, for the very first time, that Plaintiff's claims are barred by a 2016 settlement agreement between Plaintiff and the City of New York in an unrelated case, which agreement contains a broad general release.  For the reasons discussed below, the Court denies Defendants' motion to amend.

## BACKGROUND[1]

As evident from the docket number, this case has been pending for a number of years. The Court presumes familiarity with the facts and history of this case, which the Court previously articulated in resolving Defendants' motion for summary judgment. *See Liverpool* v. *Davis*, 442 F. Supp. 3d 714, 718-20 (S.D.N.Y. 2020) ("*Liverpool I*"). The Court therefore provides only information relevant to resolving the instant motion.

This lawsuit arises out of an incident that took place at OBCC on July 9, 2014. While Plaintiff was being held in the Main Intake area of OBCC, he was caught in the middle of what can only be described as a battle of human waste products. (*See* Def. 56.1 ¶¶ 2-17). Plaintiff was exposed to, and repeatedly hit with, human excrement for approximately 20 to 30 minutes, when several other inmates in the Main Intake area began flinging human excrement at each other. (Def. 56.1 ¶¶ 2-17; Pl. 56.1 ¶¶ 12, 16-17, 19). Plaintiff's claims arise

---

[1]   The facts stated herein are drawn from the parties' submissions in connection with Defendants' instant motion to amend their answer to Plaintiff's Third Amended Complaint. For ease of reference, the Court refers to the submissions as follows: Defendants' Memorandum of Law in Support of Defendants' Motion to Amend Their Answer is referred to as "Def. MTA Br." (Dkt. #104); Plaintiff's letter in opposition is referred to as "Pl. MTA Opp." (Dkt. #107); and Defendants' Reply Memorandum of Law in Support of Defendants' Motion to Amend Their Answer is referred to as "Def. MTA Reply" (Dkt. #108). The Declaration of Tristan G. Montaque in Support of Defendants' Motion to Amend is referred to as "Montaque Decl." (Dkt. #106), and the general release the Plaintiff allegedly signed on February 29, 2016, is referred to as "General Release" (Dkt. #102, Ex. 2).

The Court has also considered materials submitted by the parties in connection with the prior motion to compel; references to those materials are made using the citing conventions identified in *Liverpool* v. *Davis*, 442 F. Supp. 3d 714, 718 n.1 (S.D.N.Y. 2020) ("*Liverpool I*").

out of this incident and mistreatment that allegedly occurred during and after this event.  (*See generally* TAC).

On February 29, 2016, Plaintiff entered into a settlement agreement with the City of New York (the "City") in order to resolve Plaintiff's claims against the City in an unrelated lawsuit, captioned *Liverpool* v. *City of New York and New York City Department of Corrections*, then pending in New York State Supreme Court, Bronx County.  (*See* Montaque Decl. ¶ 2; Pl. MTA Opp. 3; *see also* General Release).  As part of the settlement, Plaintiff agreed, *inter alia*, to "release and forever discharge" the City and its employees from "any and all" claims that Plaintiff "has, or now has or hereafter can, shall, or may have … for, upon or by reason of any matter, cause[,] or thing whatsoever that occurred through the date of this RELEASE," in exchange for a payment of $15,000.  (General Release).  At the time Plaintiff entered into the General Release, he was represented by counsel.  (Montaque Decl. ¶ 3; Pl. MTA Opp. 2-3).  Plaintiff says that when he signed the release, and after consultation with counsel, he understood that the release would cover "only cases already brought against the City," and that he did not think the release applied to the instant suit, which had not yet been brought.  (Pl. MTA Opp. 2).

Plaintiff filed his Complaint in this action on May 22, 2017 (Dkt. #1); a First Amended Complaint on February 6, 2018 (Dkt. #27, 29); a Second Amended Complaint on February 13, 2018 (Dkt. #31); and a Third Amended Complaint on March 19, 2018 (Dkt. #39).  Defendants answered the TAC on August 29, 2018.  (Dkt. #47).  On August 21, 2018, the Court granted

Defendants leave to file their motion for summary judgment, and set a briefing schedule. (Dkt. #46). On February 26, 2020, after an extensive delay occasioned largely by Plaintiff's tardiness in responding to the pending motion for summary judgment, the Court granted in part and denied in part Defendants' motion for summary judgement. *Liverpool I*, 442 F. Supp. 3d at 721, 738.

On May 5, 2020, the Court held a teleconference with the parties to discuss a schedule for trial, or in the alternative, to discuss alternative dispute resolution. (*See* Minute Entry for May 5, 2020). By Order dated May 5, 2020, the Court referred the parties to Magistrate Judge Katharine H. Parker for a settlement conference. (Dkt. #97). The parties had their first settlement conference with Judge Parker on July 21, 2020 (*see* Minute Entry for July 21, 2020); a second settlement conference on September 9, 2020 (*see* Minute Entry for September 9, 2020); and a third settlement conference on September 30, 2020 (*see* Minute Entry for September 30, 2020). At the third settlement conference, Defendants presented the General Release to Magistrate Judge Parker for the first time. (*See* Def. MTA Br. 6).

The parties did not settle, and on October 5, 2020, Defendants filed a letter seeking leave to file an amended answer to the TAC to assert, for the first time, that Plaintiff's action was barred by the General Release. (Dkt. #102). Citing "the advanced procedural posture of the case and the extensive discovery and motion practice already completed," the Court requested that the parties fully brief Defendants' motion to amend. (Dkt. #103). Accordingly,

Defendants filed their moving papers on November 4, 2020 (Dkt. #104-106); Plaintiff's opposition was docketed on November 17, 2020 (Dkt. #107); and Defendants' reply brief was filed on November 27, 2020 (Dkt. #108).

## DISCUSSION

### A.   Applicable Law

Federal Rule of Civil Procedure 15(a) governs pretrial amendments of the pleadings.  Rule 15(a)(2) permits a party to "amend its pleading only with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2). Courts are to "freely give leave when justice so requires."  *Id.*; *see also, e.g., McCarthy* v. *Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007); *Otegbade* v. *N.Y.C. Admin. for Children Servs.*, No. 12 Civ. 6298 (KPF), 2015 WL 851631, at *2 (S.D.N.Y. Feb. 27, 2015).  "This permissive standard is consistent with [the Second Circuit's] 'strong preference for resolving disputes on the merits.'" *Williams* v. *Citigroup Inc.*, 659 F.3d 208, 212-13 (2d Cir. 2011) (per curiam) (quoting *New York* v. *Green*, 420 F.3d 99, 104 (2d Cir. 2005)). Although "[l]eave to amend should be freely granted" pursuant to Rule 15(a)(2), this Court "'has the discretion to deny leave if there [is] a good reason for it, such as futility, bad faith, undue delay, or undue prejudice to the opposing party.'"  *In re Arab Bank, PLC Alien Tort Statute Litig.*, 808 F.3d 144, 159 (2d Cir. 2015) (quoting *Jin* v. *Metro. Life Ins. Co.*, 310 F.3d 84, 101 (2d Cir. 2002)), *as amended* (Dec. 17, 2015).

However, where amendment is sought after a court "has already filed a scheduling order that limits the parties' ability to amend the pleadings, 'the

lenient standard under Rule 15(a), which provides leave to amend shall be freely given, must be balanced against the requirement in Rule 16(b) that the Court's scheduling order shall not be modified except upon a showing of good cause.'" *Gorman* v. *Covidien Sales, LLC*, No. 13 Civ. 6486 (KPF), 2014 WL 7404071, at *2 (S.D.N.Y. Dec. 31, 2014) (quoting *Grochowski* v. *Phx. Constr.*, 318 F.3d 80, 86 (2d Cir. 2003)); *see also* Fed. R. Civ. P. 16(b)(4).  "Whether good cause exists requires the court to inquire into the 'diligence of the moving party.'" *Gorman*, 2014 WL 7404071, at *2 (quoting *Holmes* v. *Grubman*, 568 F.3d 329, 335 (2d Cir. 2009)).  "Good cause is demonstrated by a showing that despite its having exercised diligence, the applicable deadline could not have been reasonably met by the [moving party]."  *Soroof Trading Dev. Co., Ltd.*, v. *GE Microgen, Inc.*, 283 F.R.D. 142, 147 (S.D.N.Y. 2012) (internal citation and quotation marks omitted).  "Thus, if the proposed amendment relies on information that the party knew or should have known prior to the deadline, leave to amend is properly denied."  *Id.*; *see also Parker* v. *Columbia Pictures Indus.*, 204 F.3d 326, 341 (2d Cir. 2000) (affirming the district court's denial of leave to amend where the plaintiff "had all the information necessary" to support the claim at the time the action was commenced, and where "nothing he learned in discovery or otherwise altered that fact").

Additionally, a court "may consider other relevant factors, including, in particular, whether allowing the amendment of the pleading at this stage of the litigation will prejudice [non-movants]."  *Kassner* v. *2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 244 (2d Cir. 2007).  And in certain circumstances, a court "may

deny leave to amend for lack of diligence even if amendment would not prejudice the non-movant." *Suarez* v. *California Nat. Living, Inc.*, No. 17 Civ. 9847 (VB), 2019 WL 5188952, at *2 (S.D.N.Y. Oct. 15, 2019) (citing *Gullo* v. *City of New York*, 540 F. App'x 45, 47 (2d Cir. 2013) (summary order)).

## B. The Court Denies Defendants' Motion to Amend

Defendants argue that the Court should grant them leave to amend because they have exercised diligence in pursuing amendment after discovering the General Release, and because Plaintiff will not be prejudiced by granting leave to amend. (Def. MTA Br. 6-7). After a careful review of the record and caselaw, the Court finds that Defendants have not demonstrated that good cause exists for their extensive delay in locating the General Release.

Defendants argue that because they informed Magistrate Judge Parker about the General Release "immediately" upon its discovery (Def. MTA Br. 6), and informed this Court shortly thereafter (*see* Dkt. #102), they exercised sufficient diligence in pursuing amendment (Def. MTA Br. 6). The Court agrees that Defendants moved with adequate alacrity after counsel in this case finally discovered the General Release. However, this release has been in Defendants' possession since the inception of this case and, critically, Defendants fail to explain their more-than-three-year delay in its production.

"It is well-established that a party's failure to act on previously available information precludes a finding of good cause." *Moore* v. *Publicis Groupe SA*, No. 11 Civ. 1279 (ALC) (AJP), 2013 WL 4483531, at *7 & n.18 (S.D.N.Y. Aug. 23, 2013), *report and recommendation adopted sub nom. Moore* v. *Publicis*

7

*Grp. SA*, No. 11 Civ. 1279 (ALC), 2013 WL 5951903 (S.D.N.Y. Oct. 30, 2013) (collecting cases and denying motion to amend where new evidence was in moving party's possession and thus could have been discovered sooner with proper diligence); *see also Gullo*, 540 F. App'x at 47; *Parker*, 204 F.3d at 541. Defendants do not dispute that the New York City Law Department, their attorneys in this case, has had a copy of the General Release for the duration of this lawsuit, nor that there is near-complete overlap among the parties in the two cases. (*See generally* Def. MTA Br.; Dkt. #102). And although the Court agrees with Defendants that allowing them to amend would not prejudice Plaintiff (*see* Def. MTA Br. 7-8), Defendants have failed to establish that good cause justifies amendment in the first place. Defendants' only explanation for their lack of diligence in discovering the release is that counsel in this case "did not learn of the existence of [the General Release] because plaintiff's prior claim was handled by another division within the [L]aw [D]epartment." (Dkt. #102). However, this excuse does not establish good cause. In fact, it only demonstrates that with proper diligence, Defendants should have uncovered the General Release. A simple search of the files maintained by Defendants and their counsel for Plaintiff's name should have turned up the release, especially if Plaintiff was a frequent litigant against the City, as Defendants suggest. (*See id.* (noting that the General Release was executed by the "Early Intervention Unit" of the Law Department's Tort Division)).

     Defendants argue that delay alone is insufficient justification for denying a motion to amend. (Def. MTA Br. 8-9). But the cases Defendants cite to

8

support this argument analyze motions to amend under Rule 15's lenient standard, not Rule 16's good cause standard. (*See id.* at 8 (citing *United States ex rel. Mar. Admin.* v. *Cont'l Ill. Nat'l Bank & Tr. Co. of Chicago*, 889 F.2d 1248, 1254 (2d Cir. 1989); *UMG Recordings, Inc.* v. *Lindor*, No. 05 Civ. 1095 (DGT), 2006 WL 3335048, at *1 (E.D.N.Y. Nov. 9, 2006)). And Defendants' citation to *Parker* v. *Columbia Pictures Industries* is inapposite, as Defendants again cite to a statement about the standard of review under Rule 15, not Rule 16. (Def. MTA Br. 8 (citing *Parker*, 204 F.3d at 339 ("[W]e have held repeatedly that "mere delay" is not, of itself, sufficient to justify denial of *a Rule 15(a) motion*[.]" (emphasis added))). In fact, *Parker*'s analysis of motions to amend under Rule 16's good cause standard weighs against Defendants. In *Parker*, the Second Circuit affirmed the district court's denial of leave to amend because the plaintiff received a copy of the policy on which his amended claims were based when he began his employment — long before filing suit — and thus he had the relevant information in his possession from the inception of the lawsuit. *Id.* at 541. Here, too, Defendants and their counsel have had Plaintiff's General Release in their possession for the duration of this lawsuit, and could have asserted this affirmative defense had they exercised diligence.

The Court sympathizes with Defendants' argument that they will not be receiving the benefit that the City bargained for when it entered into the 2016 settlement agreement with Plaintiff. (*See* Dkt. #102). And although not explicitly raised by Defendants here, the Court also understands that the Law Department is a large organization, with many employees and high turnover,

and that it handles many cases across several departments. *Cf. Monahan* v. *N.Y.C. Dep't of Corr.*, 214 F.3d 275, 283 (2d Cir. 2000).[2] Nevertheless, Defendants essentially failed to review their files on Plaintiff — for more than three years — and in the interim, the parties engaged in extensive discovery and litigated a motion for summary judgment. Too much time has passed and Defendants have offered no "good cause" for their delay of more than three years in locating a piece of paper they and their counsel have possessed since before Plaintiff filed suit. *See, e.g., Parker*, 204 F.3d at 340-41; *Soroof Trading Dev. Co., Ltd.*, 283 F.R.D. at 147; *Moore*, 2013 WL 4483531, at *7; *380544 Canada, Inc.* v. *Aspen Tech., Inc.*, No. 07 Civ. 1204 (JFK), 2011 WL 4089876, at *4-5 (S.D.N.Y. Sept. 14, 2011). Accordingly, Defendants' motion to amend is denied.

---

[2] This case is distinguishable from *Monahan* v. *N.Y.C. Dep't of Corr.*, 214 F.3d 275 (2d Cir. 2000), where the Second Circuit affirmed the district court's decision to entertain the City's affirmative defense of *res judicata* for the first time on summary judgment due to lack of "material prejudice," despite a delay in raising the issue. *Id.* at 282-84. In *Monahan*, Plaintiff correctional officers filed suit against the City's Department of Corrections seeking to challenge the department's sick leave policies. *Id.* at 282. However, another lawsuit, brought by the head of the correctional officers' union, settled prior to the *Monahan* case, and the stipulation of settlement in that case covered the claims brought in *Monahan*. *Id.* at 281.

*Monahan* does not control this case. As an initial matter, *Monahan* was decided under the more permissive Rule 15 standard. 214 F.3d at 283. Second, Defendants here have had the physical copy of the General Release since February 2016, which release only applies to Plaintiff, and presumably must have been kept with information about Plaintiff in Defendants' files. By contrast, in *Monahan*, the Law Department needed to be aware of a stipulation of settlement for a case between different litigants, and the district court found on the record at oral argument that the requisite institutional knowledge was lost due to employee turnover. *Id.* at 283-84. Thus, setting aside that *Monahan* was not decided under Rule 16's "good cause" standard, institutional turnover and general disorganization provided a more substantial cause for delay in *Monahan* than it does here, where the General Release should be directly tied to Plaintiff in Defendants' files, and thus identifiable from a cursory review of Defendants' files.

## CONCLUSION

For the foregoing reasons, Defendants' motion to amend their answer is DENIED. The Clerk of Court is directed to terminate the motion at docket entry 105. The parties are directed to submit a joint letter to the Court on or before **January 8, 2021**, discussing their availability for trial in the second half of 2021 and, as appropriate, any further interest in alternative dispute resolution of this matter.

The Clerk of Court is directed to send a copy of this Opinion and Order to Plaintiff at his address of record.

SO ORDERED.

Dated:  December 17, 2020
        New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge