UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

ANTON F. LIVERPOOL,

                              Plaintiffs,

               -against-

CAPTAIN DAVIS, OFFICER LARAQUE, AND
OFFICER GREEN,

                           Defendants.

**STIPULATION AND PROTECTIVE
ORDER CONCERNING THE
INSPECTION OF CERTAIN
AREAS OF THE N.Y.C. DEPT. OF
CORRECTION'S OTIS BANTUM
CORRECTIONAL CENTER**

17-CV-3875 (KPF)

------------------------------------------------------------------------ x

        **WHEREAS**, plaintiff seeks to access to the New York City Department of Correction's ("DOC") Otis Bantum Correctional Center (the "DOC Facility") for the purposes of inspecting and photographing certain areas of the "Main Intake Area" pertaining to the above-referenced case;

        **WHEREAS,** because of security concerns, the defendants and DOC deems the photographs and any information or document depicting the DOC Facility privileged and/or confidential;

        **WHEREAS,** defendants object to granting plaintiff's counsel access to the DOC Facility for the purpose of inspecting and taking photographs, unless appropriate measures are undertaken for purposes of confidentiality and security, and plaintiff's counsel agrees to abide by such measures, as specified in the terms and conditions set forth below; and

        **WHEREAS**, good cause exists for the entry of an order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure;

        **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned, attorneys for the plaintiff and defendants, respectively, as follows:

1.     As used herein, "Confidential Materials"[1] shall mean the specific areas of the DOC Facility to be inspected as well as the photographs, negatives or digital camera files, print images, sketches, notes, computer-generated likenesses or visual depictions of any kind whatsoever relating to the visit to the DOC Facility.  These materials are deemed confidential because of security, law enforcement, and/or governmental privileges as well as the privacy interests of the defendants, DOC, its present and former employees, contractors and subcontractors, and inmates, except that such documents and information shall not be deemed "Confidential Materials" to the extent, and only to the extent, that they are (a) obtained by the defendants from sources other than DOC, or (b) are otherwise publicly available.

2.     The Confidential Materials are for "attorneys' eyes" only.

3.     Counsel for the parties shall not disclose the Confidential Materials to any person not a member of the staff of their law office(s), other than the parties themselves, except under the following conditions:

(a) Disclosure before trial may be made only to experts retained or specially employed by plaintiff, or their attorney(s), in this action, in anticipation of litigation or preparation for this action, to a witness at a deposition, or to the Court.

(b) Before any disclosures are made to a person listed in subparagraph (a) above (other than to the Court), plaintiff's attorney(s) shall provide each such person with a  copy of this Stipulation and Protective Order, and such person shall consent in writing, in the form annexed hereto as Exhibit "A," not to use the

---

[1] By entering into this Stipulation, defendants do not waive any other objections which may exist to the production of documents defined as "Confidential Materials" herein nor do defendants waive any objections to their admissibility.

Confidential Materials for any purpose other than in connection with the prosecution of this case and not to further disclose the Confidential Materials except in testimony taken in this case.  A copy of the notarized signed consent will be given to counsel for defendants in a reasonable amount of time in advance of and prior to inspection by the witness of the Confidential Materials.

4.      Plaintiff's attorney(s) shall not use the Confidential Materials for any purpose other than for the preparation for and/or presentation at the trial of the above-entitled case.

5.      Plaintiff's attorney(s) shall provide any individual accompanying him to the DOC Facility with a copy of this Stipulation and Protective Order, and such person shall read same and consent in writing, in the form annexed hereto as Exhibit "A," not to use the Confidential Materials for any purpose other than for the preparation for and/or presentation at the trial of this action, and not to further disclose the Confidential Materials.  The original of each signed consent form shall be retained by plaintiff's attorney(s) and a copy thereof shall be brought to the inspection and given to counsel for defendants.

6.      Deposition testimony concerning any Confidential Materials which reveals the contents of such materials shall be deemed confidential, and the transcript of such testimony, together with any exhibits referred to therein, shall, upon a request to the court reporter, be separately bound, with a cover page prominently marked "CONFIDENTIAL."  Such portion of the transcript shall be deemed to be Confidential Materials within the meaning of this Stipulation and Protective Order.

7.      If any paper which incorporates any Confidential Materials or reveals the contents thereof is to be filed in this Court, those portions of the papers shall be filed under seal in

accordance with the rules of the district court in which the action is filed and/or the Individual Rules of the judge to whom the papers are directed.

8.      However, where the confidential information is not material to issues addressed in court submissions and where the parties agree in writing that the redaction of confidential and/or identifying information would be sufficient to protect the interests of the defendants, the parties may file redacted documents without further order of the Court.

9.      In addition, where reasonable advance notice is given by plaintiff and the parties agree in writing to the use of the Confidential Materials in support of a motion for summary judgment or any other dispositive motion by plaintiff or at a trial on the merits in this matter, such materials will not be subjected to the instant Stipulation and Protective Order.  Upon a showing that the Confidential Materials may be disclosed at a hearing or at trial, and the disclosure should be protected, the Court may impose appropriate safeguards for the presentation of such Confidential Materials.

10.     In the event the District Court finds the Confidential Materials admissible at a trial of this action, the Confidential Materials may be disclosed to any witnesses who may be called to testify about them, provided that such witnesses acknowledge, either in writing or on the record, their understanding of the Stipulation and Protective Order and the fact that he or she is bound by its terms.

11.     Within thirty (30) days after the termination of this case, including any appeals, the "Confidential Materials," including all original, copies and non-conforming copies of any photographs, negatives or digital camera files, print images, sketches, computer-generated likenesses or visual depictions, notes, and other materials containing or referring to information derived therefrom, shall be returned to the defendants' attorneys, or, upon their consent, destroyed

4

(except as to privileged material which shall be destroyed), and all persons who possessed such materials shall verify their return or destruction by affidavit furnished to defendants' attorneys, which affidavit shall include the manner and timing of its destruction, and that no copies were made and not destroyed.

12.     Plaintiff's attorney(s), photographer, and/or anyone else accompanying them to the DOC Facility shall NOT under any circumstances inspect, photograph or draw in any fashion the following items and/or locations during the above mentioned site visit: any type of key, lock, locking mechanism, keyholes, doorknobs and/or other similar equipment used to secure the doors, gates and windows; and any inmate, or police or correction personnel whether in uniform or not, who are observed at the DOC Facility.  The attorneys and/or anyone accompanying them may not bring or use a video camera, tape recorder, wide angle camera or cell phone.  Furthermore, any digital cameras and/or devices capable of operating in a video recorder, tape recorder, and/or wide angle camera mode may not be operated as such while the attorneys and/or anyone accompanying them are present inside of the DOC Facility.

13.     Plaintiff's attorney(s) shall not speak to any inmate for any reason.

14.     Plaintiff's attorney(s) shall not interview or question any DOC staff for any reason.

15.     If at any time it appears to the defendants' attorneys, DOC's counsel, and/or DOC staff present during the site visit that plaintiff's attorney(s) whether inadvertently or not, is inspecting or taking photographs or drawings of any prohibited item, area or individual described above, plaintiff's attorney(s) will be immediately directed and expected to cease inspecting, photographing or drawing and the site inspection shall be terminated.

16.     Counsel for the parties shall exchange color duplicates of all photographs and/or drawings taken during the above-mentioned site visit, regardless of their quality, and shall designate in good faith such materials as "Confidential Materials" by labeling such materials "Confidential" and by designating such materials by Bates numbers in a writing directed to defendants' attorneys.  Defendants' attorneys reserve the right after inspection of these materials to determine whether a prohibited item, area or individual as described above, has been photographed and/or drawn by plaintiff.  The defendants will inform plaintiff's attorneys of such determinations within a reasonable time frame after receipt of the photographs and drawings. Plaintiff will, within ten (10) days after receipt of the defendants' objections, respond in writing to the defendants' determination concerning the photograph of the prohibited items, areas, or persons. If the parties cannot resolve such matters after a good-faith effort, then plaintiff's attorney(s) may seek relief from the Court.  While the resolution of such matters is pending before the Court, the disputed materials will be kept as "attorneys' eyes" only and will not be used in any manner until the dispute is resolved in writing.

17.     The parties agree to jointly request that the Court enter this Stipulation and Protective Order as an Order of the Court.  The failure of the Court to enter this Stipulation and Protective Order shall not void or otherwise alter the agreement between the parties.

18.     Nothing in this Stipulation and Protective Order shall be construed to limit DOC's use of the Confidential Materials in any manner.

19.     This Stipulation and Protective Order shall be binding upon the parties immediately upon signature and shall be submitted to the Court for entry as an Order.

20.     The terms of this Stipulation and Protective Order shall be binding on all current and future parties to this action and their counsel.

6

21.     This Stipulation and Protective Order shall survive the termination of this Action and shall continue to be binding upon all parties to whom the Confidential Materials were produced or disclosed after the conclusion of this Action.

Dated:   New York, New York
         August 24, 2021

QUINN EMANUEL URQUHART                    GEORGIA M. PESTANA
& SULLIVAN LLP                            Corporation Counsel of the City of New York
*Attorneys for Plaintiff*                 *Attorney for Defendants Davis, Laraque,*
51 Madison Avenue, 22nd Floor             *and Green*
New York, New York 10010                  100 Church Street, Room 3-208
                                          Phone: (212) 356-2105
                                          New York, New York 10007


                                               *Mostafa Khairy*

By: _____      By: _____
        Joanna E. Menillo                         Mostafa Khairy
                                                  *Assistant Corporation Counsel*




Date:   August 25, 2021                   SO ORDERED:
        New York, New York

                                          _____
                                          HONORABLE KATHERINE POLK FAILLA
                                          UNITED STATES DISTRICT JUDGE

7